Filed 1/24/24  P. v. Hickerson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098467 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE005074) |
| v. | |
| JONATHAN MICHAEL HICKERSON, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Having reviewed the record as required by *Wende*, we will direct the trial court to correct the abstract of judgment and minute order to reflect the fines and fees imposed and stayed during the trial court's oral pronouncement at sentencing.  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm.

1

BACKGROUND

We provide the following brief description of the facts and procedural history of the case. The People's April 3, 2023, amended information charged defendant with two counts of sexual battery with unlawful restraint (Pen. Code, § 243.4, subd. (a))[1] and alleged these batteries were committed on separate occasions under section 667.6.

At trial, the People presented evidence that defendant sexually assaulted his ridesharing service driver Rachael in April 2019. Rachael picked up two intoxicated passengers, including defendant. Following pickup, Rachael politely declined defendant's repeated romantic advances. After completion of the ride, one passenger exited, but defendant wedged himself between the front seats, pressing himself against Rachael, and making it impossible for her to unfasten her seat belt to exit the car or reach her phone. Defendant kissed and sucked on Rachael's neck, grabbed her breast (exposing it), and sucked on her nipple. Rachael immediately and repeatedly told defendant no, to stop, and to get out of the car, but he did not comply. Eventually, defendant exited the car after the other passenger intervened, and Rachael drove to a safe location to call 911. A medical exam revealed bruising on Rachael's breast. During defendant's police interview, he eventually admitted kissing Rachael's neck and cheek, as well as grabbing and sucking on her breast.

Defendant presented two character witnesses who attested that he was a respectful and nonaggressive person. Defendant also testified, admitting he had engaged in what he thought was consensual sexual contact with Rachael.

The jury found defendant guilty on both counts, but found the allegation that the batteries were committed on separate occasions not true.

---

[1] Undesignated statutory references are to the Penal Code.

The trial court denied defendant's request for probation and sentenced him to the lower term of two years in prison for each battery, staying the sentence on one count pursuant to section 654. The court awarded defendant 25 days of actual credit, plus 25 days of conduct credit for a total of 50 days of custody credit. The court imposed but stayed "all fines and fees" and ordered victim restitution in an amount to be determined. Defendant timely appealed.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment. However, our review of the record has revealed that the April 28, 2023, minute order as well as the abstract of judgment fail to acknowledge that the $300 restitution fine was stayed. Both documents fail to note that the trial court imposed and stayed two $30 conviction assessments (Gov. Code, § 70373) and two $40 court operations assessments (§ 1465.8). The abstract of judgment and minute order following sentencing must be corrected to reflect these changes.

DISPOSITION

The judgment is affirmed. The trial court clerk is directed to correct the abstract of judgment and minute order after sentencing to correctly reflect the imposed and stayed status of the applicable fines and fees.


                                          /s/
                                    Duarte, J.


We concur:


/s/
Robie, Acting P. J.


/s/
Krause, J.

4